# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19CR4407-BAS |
|---|---|
| v. | ORDER OF RESTITUTION |
| ZHIWEI LIAO (1), aka "Allen," | |
| Defendant. | |

WHEREAS, an Indictment was filed in the Southern District of California on October 31, 2019 charging Defendant ZHIWEI LIAO, aka "Allen," ("Defendant") with several federal crimes including Count 73, conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. 2320. *See* Doc. 1.

WHEREAS, Defendant pled guilty to Count 73, conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. 2320 on June 2, 2022. In the factual basis of his Plea Agreement, Defendant admitted that "[t]he reasonably foreseeable amount of loss (that is, the estimated total infringement amount) based on the total counterfeit iPhones and counterfeit iPads attempted to be fraudulently exchanged by ZHIWEI LIAO and other co-conspirators during the course of the conspiracy is approximately $6.1 million." *See* Doc. 412.

WHEREAS, Defendant was sentenced to 51 months' incarceration on March 25, 2024.

WHEREAS, the Court accepted additional briefing from the parties and held a restitution hearing on April 29, 2024.

WHEREAS, on April 29, 2024, the Court made findings and ordered Defendant to pay an outstanding balance of $6,100,000.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to 18 U.S.C. § 3663A(a)(1), Defendant shall pay restitution in the amount of $6,100,000 as a result of his conviction for conspiracy to traffic in counterfeit goods.

2. The sole victim in this case is Apple, Inc. The address of the victim is as follows:

> Apple, Inc.
> 1 Apple Park Way (MS 37-1IPL)
> Cupertino, CA 95014

3. Restitution shall be joint and several between the three LIAO brothers -- (1) ZHIWEI LIAO, aka "Allen," (2) ZHIMIN LIAO, aka "Jimmy," and (3) ZHITING LIAO, aka "Tim" – who are co-defendants with aggravated roles for the same offense and liable for the same losses.

4. Defendant shall make a bona fide effort to pay restitution as soon as practicable.

5. After considering the factors in 18 U.S.C. § 3664(f)(2), the Court finds that the Defendant has the ability to pay the restitution as set forth in accordance with the following payment schedule:

    a. During his period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of Defendant's income, or $25.00 per quarter, whichever is greater.

    b. Upon release from custody, Defendant shall pay

restitution at the rate of at least $150 per month, subject to further agreement of the parties or order of the Court.

6.  This payment schedule does not foreclose the United States from exercising all legal actions, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

7.  Defendant shall forward all restitution payments by bank or cashier's check or money ordere payable to the "Clerk, U.S. District Court" to:

> Clerk of the Court
> United States District Court
> Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

8.  The Court has determined that Defendant does not have the ability to pay interest.  The interest requirement is waived pursuant to 18 U.S.C. § 3612(f)(3)(A).

9.  Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution no later than 30 days after the change occurs.  *See* 18 U.S.C. § 3664(k).

10. Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than 30 days after the change occurs.  *See* 18 U.S.C. § 3612(b)(1)(F).

IT IS SO ORDERED.

DATED: April 29, 2024

_Cynthia Bashant_
Hon. Cynthia Bashant
United States District Judge